IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
     v.                         )         1:12CV1096
                                )
$722.31 IN FUNDS FROM           )
COASTAL FEDERAL CREDIT UNION    )
ACCOUNT ENDING IN 6442, IN      )
THE NAMES OF CLAUDE VERBAL      )
AND PAMELA VERBAL, et al.,      )
                                )
          Defendants,           )
                                )
CLAUDE VERBAL,                  )
                                )
          Claimant.             )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on a Motion to Compel (Docket Entry 12) and an oral Motion to Dismiss the Forfeiture Claim by Claude Verbal (see Minute Entry dated July 8, 2013), both filed by the United States, as well as a Motion to Withdraw (Docket Entry 15), filed by Claimant Verbal's counsel. For the reasons that follow, Geoffrey H. Simmons will be terminated as counsel of record for Claimant Verbal and the Court should dismiss Claimant Verbal's Verified Forfeiture Claim (Docket Entry 7), thus rendering the instant Motion to Compel (Docket Entry 12) moot.

BACKGROUND

This case began when the United States filed a Complaint for forfeiture of certain property. (Docket Entry 1.) Claimant Verbal (through Attorney Simmons) thereafter filed a Verified Forfeiture Claim (Docket Entry 7) and related Answer (Docket Entry 10). Discovery then commenced (see Docket Entry dated Mar. 11, 2013) and, during the discovery period, the United States moved to compel responses to discovery it had served on Claimant Verbal (Docket Entry 12). Claimant Verbal did not respond to that Motion. (See Docket Entries dated May 8, 2013, to present.)

The Court (per the undersigned Magistrate Judge) subsequently set the case for a hearing, noted that the North Carolina State Bar had disbarred Attorney Simmons, and directed Claimant Verbal (or an attorney authorized to practice law in this Court who had made an appearance in this case) to appear. (See Text Order dated June 20, 2013.) Said Order (which the Clerk served on Claimant Verbal at the address for him provided by his (different) counsel of record in a related criminal case) expressly warned that a failure to comply with said Order could result in the imposition of case-dispositive sanctions without further notice. (See id.) Claimant Verbal did not appear as ordered; nor did any attorney appear for him. (See Minute Entry dated July 8, 2013.)[1]

---

[1] Before the hearing, Attorney Simmons filed his instant Motion to Withdraw acknowledging his disbarment. (Docket Entry 15.)

At the hearing, counsel for the United States indicated that, since the filing of the instant Motion to Compel, Claimant Verbal had served untimely, incomplete responses to interrogatories propounded by the United States, but still had not responded to its requests for production of documents. (See id.; see also Docket Entry 16 (supplement filed by United States regarding Claimant Verbal's discovery response).) Said counsel further represented that neither Claimant Verbal nor any attorney purporting to act on his behalf had communicated with the United States since the setting of the hearing. (See Minute Entry dated July 8, 2013.) In light of all the circumstances, counsel for the United States orally moved for dismissal of Claimant Verbal's forfeiture claim. (See id.; Docket Entry dated July 8, 2013.)

## DISCUSSION

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In this case, after failing to properly answer discovery and to respond to the Motion to Compel by the United States, Claimant Verbal disobeyed the Court's Order to appear at a hearing. These circumstances warrant dismissal of his forfeiture claim.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly."  Id.  Generally, before taking such action, a court should consider:  "(i) the degree of personal responsibility of the [litigant]; (ii) the amount of prejudice caused the [opposing party]; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal."  Id.  In this case, Claimant Verbal bears sole responsibility for his failure to appear as ordered, such conduct prejudiced the United States by causing its counsel to attend a hearing at which nothing could be accomplished, the record reflects a pattern of dilatory conduct by Claimant Verbal, and no other sanction appears feasible or sufficient.

As to that last point, the Court (per the undersigned Magistrate Judge) specifically warned Claimant Verbal that his failure to attend the hearing could result in dismissal of his claim.  "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal.  Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse."  Id.

**IT IS THEREFORE RECOMMENDED** that the Oral Motion to Dismiss by the United States (Docket Entry dated July 8, 2013) be granted, that Claimant Verbal's Verified Forfeiture Claim (Docket Entry 7)

be dismissed, and that his related Answer (Docket Entry 10) be stricken.

**IT IS ORDERED** that Attorney Simmons's Motion to Withdraw (Docket Entry 15) is **GRANTED** and that he is terminated as counsel of record for Claimant Verbal.

**IT IS FURTHER ORDERED** that the Motion to Compel by the United States (Docket Entry 12) is **TERMINATED AS MOOT.**

                        /s/ L. Patrick Auld
                        **L. Patrick Auld**
                   **United States Magistrate Judge**

July 16, 2013